UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ROOTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT W. FOX, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-2458 AC P<br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I.　　Introduction

　　　Plaintiff is a state prisoner incarcerated at the California Medical Facility who proceeds pro se with civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned grants plaintiff's request to proceed in forma pauperis but recommends the summary dismissal of this action as frivolous.

II.　　In Forma Pauperis Application

　　　Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 3 & 6. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

　　　Therefore, plaintiff will be required, over time, to pay the statutory filing fee of $350.00

1

for filing this action. See 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

  III.  Screening of Plaintiff's Complaint

  A.  Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however

2

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B.  Plaintiff's Allegations

The complaint names approximately twenty-five defendants, including many correctional officers; various judges, prosecutors, and public defenders; several individuals identified as "drug dealer – self employed" and/or "burglary set-up artist;" two apartment managers; an individual associated with "SSI" and another affiliated with the "education-welfare" system. See ECF No. 1 at 3-5. The complaint states four putative claims alleging civil and criminal conspiracy. Claims One and Two involve the fairness of plaintiff's criminal prosecution, trial, and sentencing. Id. at 6-7. Claim Three is a broad attack on various social injustices. Id. at 8. Claim Four makes conclusory allegations about various defendants' roles in the conspiracies, from Governor Brown's failure "to end this madness" to other individuals yelling at plaintiff, "playing mind games," putting his child on drugs, falsely prosecuting him, burglarizing his home, and "trapping" plaintiff "with forms that don't work." Id. at 9. Plaintiff seeks relief including the criminal prosecution of all defendants; the awarding of each defendant's personal possessions to plaintiff; damages in the amount of 1.1 billion dollars; release of all plaintiff's tribal members from custody; and plaintiff's own release from prison, accompanied by issuance of a federal badge and authorization to carry loaded guns. Id. at 10-11.

C.  Analysis

Prisoner complaints presenting "clearly baseless" factual contentions and/or "indisputably meritless legal theories" are subject to dismissal as frivolous. See Neitzke, 490 U.S. at 325. Dismissal based on frivolity is not to be confused with dismissal for failure to state a claim, the latter generally requiring some direction from the court to pro se litigants on how to frame a legally competent pleading. Id. at 330. In contrast, authority to dismiss a complaint as frivolous

is intended to discourage the filing of "baseless lawsuits" that consume limited judicial resources. Id. at 327.

Review of the instant complaint compels a recommendation that this action be dismissed as frivolous. See 28 U.S.C. § 1915A(b)(1). Plaintiff's numerous additional filings[1] provide further reason to believe that this lawsuit would consume limited judicial resources to no legitimate purpose if permitted to proceed.

### IV. Dismissal Without Leave to Amend

The undersigned finds that amendment of the instant complaint would be futile. "Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000); accord, Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 3, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order filed concurrently herewith.

3. Plaintiff's "Motion to Consolidate Cases," ECF No. 18, is denied as frivolous.

4. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, for the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be summarily dismissed as frivolous, see 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

---

[1] These filings include a one-paragraph "Motion to Consolidate Cases," ECF No. 18, in which plaintiff asserts each of the defendants should he indicted for federal crimes and attempts to direct plaintiff's immediate release from prison. Plaintiff has also filed a request for funds, a request for entry of default (which has been declined by the Clerk of Court), and various requests for relief and for release. See ECF Nos. 9, 11, 13, 4, 15, 16, 17.

days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 13, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE